# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re DEBRA M. STEVENSON, et al., <br><br> Debtor. <br><br> ――――――――――――――― <br><br> FIRST AMERICAN TITLE INSURANCE COMPANY, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DEBRA M. STEVENSON, et al., <br><br> Defendants-Appellants. | **FILED** <br> MAR 20 2014 <br> Clerk, U.S. District & Bankruptcy Courts for the District of Columbia <br><br> Case Nos. 13cv258, 13cv440 |

## MEMORANDUM OPINION
(March __, 2014)

These two cases arise out of a common bankruptcy proceeding, and they come before this Court challenging two different decisions by the United States Bankruptcy Court for the District of Columbia ("the Bankruptcy Court"). In December 2005, Fremont Investment & Loan ("Fremont") extended a loan ("the Fremont Loan") to debtor Debra Stevenson, who used it to refinance a preexisting loan secured by real property jointly owned by Stevenson and her son, Eugene Smith (collectively "appellants"). First American Title Insurance Company ("First American") served as Fremont's title insurer. In February 2007, First American filed a two-count complaint against appellants, seeking

(1) a declaration that, although Smith was not a party to the Fremont Loan, he was nevertheless a borrower on it, accompanied by an injunction requiring him to take any steps necessary to document his interest in the loan, see Compl. to Determine Applicability of Status of Liens Against Debtor's Property ("Compl.") at 9 [Dkt. #1],[1] and (2) a declaration that appellants' "property located at 3721 Grant Place, NE, Unit B, Washington, DC 20019 is subject to a lien in favor of Fremont Investment and Loan, and/or its successors and/or assigns as their interest may appear, in the amount of $119,455.02." *Id.* at 12.[2]

On January 4, 2013, the Bankruptcy Court issued a pair of rulings. In the first, the court held that appellants had forfeited their affirmative defenses challenging the validity of the Fremont Loan under federal and state lending laws, and any defenses not forfeited failed on their merits as a matter of law. *See* J. Dismissing Defs.' Claims Challenging Validity of Fremont Loan Based on Alleged Violations of Fed. & State Lending Laws ("Judgment of Dismissal") [Dkt. #240]. In the second, the Bankruptcy Court issued proposed findings of fact and conclusions of law in support of a recommendation that this Court grant summary judgment in First American's favor. *See* Mem. Decision Submitting Proposed Findings of Fact & Conclusions of Law Recommending Dist. Ct.

---

[1] For ease of reference in both cases, unless otherwise noted, docket cites are to the underlying Bankruptcy Court case, Adversary Proceeding No. 07-10005.

[2] In a subsequent Amended Complaint, HSBC Bank USA and Wells Fargo Bank joined First American as plaintiffs. *See* Am. Compl. to Determine Applicability of Status of Liens Against Debtor's Property [Dkt. #122]. I will refer to all three of the plaintiffs collectively as "plaintiffs."

2

Grant Summ. J. in Favor of Pls. on Their Claim for Equitable Subrogation ("Mem. Recommending Summ. J.") [Dkt. #241]. Appellants now appeal the first decision and seek de novo review of the second. I find that the Bankruptcy Court's judgment and recommendation are both sound, so I will affirm the former, adopt the latter, and enter judgment to that effect.

First, the Bankruptcy Court's Judgment of Dismissal is amply supported by a well-reasoned, thorough, 36-page memorandum decision. *See* Mem. Decision Re Claims Raised by Defs. in Their Second Mot. for Summ. J. & Re Pls.' Mot. to Strike Those Claims ("Dismissal Mem.") [Dkt. #239]. At the outset, I agree with the Bankruptcy Court's determination that "[a]djudication of the validity of the Fremont Loan affects the creditor-debtor relationship and is a core proceeding that [the Bankruptcy Court] is authorized to decide." *Id.* at 5 (citing 28 U.S.C. § 157(b)(2)(K), (O)). Indeed, the very "classification of a proceeding as core or non-core is in itself a core proceeding which, once decided by the bankruptcy judge, is subject only to review for clear error." *In re 1733 Ridge Rd. E., Inc.*, 125 B.R. 722, 724 (W.D.N.Y. 1991).[3] The Bankruptcy Court did not err, much less *clearly* err, in holding that the issues raised in this case go to the "validity, extent, or priority of liens," § 157(b)(2)(K), and implicate potential "adjustment[s] of the debtor-creditor . . . relationship," § 157(b)(2)(O).[4]

---

[3] *See also Interconnect Tel. Servs., Inc. v. Farren*, 59 B.R. 397, 401 n.2 (S.D.N.Y. 1986); 1 WILLIAM L. NORTON, JR., BANKRUPTCY LAW & PRACTICE § 4:69 (3d ed. 2011).

[4] Even if I disagreed with the Bankruptcy Court on this point, the only practical consequence is

3

Furthermore, I find that the Bankruptcy Court did not abuse its discretion in its handling of appellants' belatedly-asserted affirmative defenses. Appellants concede that they "did not file an answer to the Complaint within the time required by the Fed. R. Bankr. P. 7012(a)." Defs.' Appeal of Bankr. Ct.'s Dismissal Mem. at 5 [Civ. Case 13-258 Dkt. #8].[5] As the Bankruptcy Court correctly explained, because of "defendants' failure timely and property to assert [their] affirmative defenses," First American was put "to the unfair burden and expense of having to bring a motion to strike," which was "akin to a motion for default judgment." Dismissal Mem. at 9. It was well within the Bankruptcy Court's discretion, then, to condition appellants' late filing their answer on the payment of modest attorney's fees that First American incurred when it was "put to the task of moving to strike because no answer was filed." *Id.* at 10 (citing *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966)). "[T]he bankruptcy court has broad

---

that I would be required to treat its judgment as a recommendation and review its factual findings de novo. 28 U.S.C. § 157(c)(1). Because my view of the record comports with the Bankruptcy Court's, I would adopt its findings and accept its recommendations in full.

[5] In their brief to this court, appellants now argue that they missed the deadline because the clerk's office sent a scheduling order to the wrong address. *See id.* Appellants do not appear to have raised this argument before the Bankruptcy Court, and they have not cited any evidence that the Bankruptcy Court considered it. *See* Defs.' Opp'n to Pls.' Mot. to Strike Affirmative Defenses at 5 [Dkt. #53] (arguing they in fact *complied* with the court's rules, and citing scheduling order without mentioning that it was mismailed and never received). The argument is therefore waived. *See In re Sokolik*, 635 F.3d 261, 268 (7th Cir. 2011) ("[W]hen an issue was not raised in the bankruptcy court, a finding that the issue is waved at the district court level is the correct result, since to find otherwise would permit a litigant simply to bypass the bankruptcy court." (internal quotation marks omitted)). The same is true of appellants' new argument, not raised below, that their defenses were "general," not "affirmative." *See, e.g.*, Tr. of March 31, 2008 Hearing at 19, 46, 66, 68, 76 [Dkt. #266] (appellants referring to their "affirmative defenses").

discretion to make case-management decisions, and this court's review is only for abuse of discretion." *Wells Fargo Bank, N.A. v. Jaaskelainen*, 407 B.R. 449, 455–56 (D. Mass. 2009); *see also Speleos v. McCarthy*, 201 B.R. 325, 327 (D.D.C. 1996) ("Bankruptcy court decisions involving the exercise of discretion are reviewed for abuse of discretion.").[6] Whether to set aside a default judgment under Federal Rule of Civil Procedure 60(b) is such a decision. *See Gould v. Salem*, No. 2010-0098, 2012 WL 2122580, at *2 (V.I. May 31, 2012); *cf. Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 395 (D.D.C. 2005) ("'In determining whether to exercise its *discretion to set aside a default*, . . . a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party.'" (emphasis added) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515–16 (2d Cir. 2001))). Appellants have not met their burden of proving that the Bankruptcy Court's decision regarding forfeiture of affirmative defenses was "clearly erroneous as to the assessment of the facts or erroneous in its interpretation of the law." *In re Capitol Hill Grp.*, 313 B.R. at 349.[7] Moreover, to the extent that appellants' defenses were not forfeited, I agree

---

[6] *See, e.g., Miller v. District of Columbia*, 891 F. Supp. 2d 8, 12 (D.D.C. 2012) (whether to extend time to file notice of appeal); *In re Douglas*, 477 B.R. 274, 275 (D.D.C. 2012) (same); *Hope 7 Monroe St. Ltd. P'ship v. RIASO L.L.C.*, 473 B.R. 1, 6–7 (D.D.C. 2012) (whether to approve settlement); *Akl v. Va. Hosp. Ctr.*, 471 B.R. 1, 7–8 (D.D.C. 2012) (whether to award sanctions); *In re Sindram*, 464 B.R. 495, 496–97 (D.D.C. 2011) (whether to strike amended complaint and enjoin appellant from further filings); *In re McGuirl*, 349 B.R. 759, 760 (D.D.C. 2006) (whether to reopen case); *In re Capitol Hill Grp.*, 313 B.R. 344, 349 (D.D.C. 2004) (whether to award attorney's fees and other equitable determinations).

[7] The record before me so completely supports the Bankruptcy Court's approach and decisions that I would uphold them under any standard of review, including de novo.

with the Bankruptcy Court's factual findings and legal conclusions regarding the merits—or lack thereof—as to each defense. I thus affirm the Bankruptcy Court's judgment dismissing appellants' claims challenging the validity of the Fremont Loan.[8]

Moving onto the Bankruptcy Court's recommendation to grant summary judgment in plaintiffs' favor, I have reviewed the Memorandum Recommending Summary Judgment, as well as the parties' pleadings in opposition to, and in support of, that recommendation. *See* Defs.' Objections to Mem. Recommending Summ. J. [Dkt. #250]; Pls.' Opp'n to Exceptions [Dkt. #259]; Defs.' Reply to Pls.' Opp'n to Defs.' Objections [Dkt. #263]. I agree with the Bankruptcy Court's analysis and have nothing to add to its comprehensive 38-page opinion. I therefore adopt its proposed findings of fact and conclusions of law and will enter judgment accordingly.

An appropriate judgment shall accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[8] I need not decide whether the Bankruptcy Court erred when it found that Smith lacked standing to attack the Fremont Loan, as the outcome of the case would be the same either way.